UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANTHONY R FREEMAN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:14-CV-145 |
| | § | |
| LOUIS GARCIA, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and he is currently confined in the McConnell Unit in Beeville, Texas. He filed this action pursuant to 42 U.S.C. § 1983 as well as Rule 60 of the Federal Rules of Civil Procedure complaining of loss or damage to certain personal property and that he is being denied meaningful access to the courts. (D.E. 1). Plaintiff has filed a motion to proceed *in forma pauperis.* (D.E. 6). For the foregoing reasons, it is respectfully recommended that plaintiff's motion be DENIED pursuant to the three strikes rule.

**I.     DISCUSSION**

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be

1 / 5

granted is prohibited from bringing any more actions or appeals *in forma pauperis.* 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir.1998) (per curiam); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir.1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.[1] *See Freeman v. Alford*, 48 F.3d 530 (5th Cir. 1995)(affirming district court's dismissal of plaintiff's 1983 action as frivolous); *Freeman v. Mangles*, No. 6:96-CV-945 (E.D. Tex. June 12, 1997)(unpublished)(dismissing as frivolous); *Freeman v. TDCJ*, No. 6:96-CV-1008 (E.D. Tex. Nov. 14, 1997)(unpublished) (dismissing as frivolous); *Freeman v. Johnson*, No. 6:00-CV-1 (E.D. Tex. June 22, 2000)(unpublished) (dismissing because Plaintiff had three strikes). Plaintiff is barred from filing a civil suit unless he is in imminent danger of physical injury.

This Court must assess whether plaintiff is exposed to imminent danger of serious injury at the time that he filed his motion. *Choyce v. Dominguez,* 160 F.3d 1068, 1071 (5th Cir.1998) (per curiam) (citing *Baños,* 144 F.3d at 884–85). To satisfy the imminent danger requirement of § 1915(g), the threat must be "real and proximate." *Ciarpaglini v. Saini,* 352 F.3d 328, 330 (7th Cir.2003) (citation omitted). In addition, the harm must be

---

[1] Plaintiff Anthony R. Freeman, TDCJ No. 297125 is listed on the Three Strikes List at http://156.124.4.123/ThreeStrikes/threestrikes.htm

imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." *Heimermann v. Litscher,* 337 F.3d 781, 782 (7th Cir.2003) (per curiam) (citation omitted). Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir.2001) (en banc). "A court may find that a complaint does not satisfy the 'imminent danger' exception if the complaint's 'claims of imminent danger are conclusory or ridiculous.' " *Chavis v. Chappius,* 618 F.3d 162, 170 (2d Cir.2010) (quoting *Ciarpaglini,* 352 F.3d at 331); *accord Andrews v. Cervantes,* 493 F.3d 1047, 1057 n. 11 (9th Cir.2007) (same).

In this action, Plaintiff asserts that officers at the McConnell Unit damaged or destroyed his property during a search for contraband at the facility. Plaintiff alleges that some of this property included writings, transcripts and materials relating to certain legal matters of Plaintiff. (D.E. 1). Plaintiff also alleges he has been denied access to his legal materials thereby denying him access to the courts. There is no indication that he is exposed to imminent danger of serious injury. Plaintiff has lost the privilege of proceeding *in forma pauperis,* and he has failed to allege that he is in imminent danger of physical harm at the time he filed the complaint. Accordingly, it is respectfully recommended that plaintiff's motion to proceed *in forma pauperis,* (D.E.2), be denied.

## II.     RECOMMENDATION

Plaintiff has lost the privilege of proceeding *in forma pauperis,* and he has failed to allege that he is in imminent danger of physical harm at the time he filed the complaint. Accordingly, it is respectfully recommended that plaintiff's motion to proceed

*in forma pauperis,* (D.E. 6), be DENIED. Additionally, it is respectfully recommended that this action be DISMISSED without prejudice. Finally, it is respectfully recommended that plaintiff be permitted to move to reinstate the lawsuit, but only if the $400.00 filing fee is paid simultaneously with the motion to reinstate within thirty days of the date of dismissal.

    Respectfully submitted this 14th day of May, 2014.

Jason B. Libby<br>
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).