UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ANTHONY R FREEMAN, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 2:14-CV-145 |
| § | |
| LOUIS GARCIA, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Plaintiff's motion to proceed *in forma pauperis* in his § 1983 action. D.E. 6. On May 14, 2014, United States Magistrate Judge Jason B. Libby recommended that Plaintiff's motion be denied pursuant to 28 U.S.C. § 1915(g) because, while incarcerated, he has had three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. D.E. 8. Plaintiff filed his objections on July 10, 2014. D.E. 15. Plaintiff's objections are set out and discussed below.

First, Plaintiff concedes that he has had "at least three previous actions dismissed as frivolous, or malicious, or for failure to state a claim upon which relief can be granted . . . ." D.E. 15, p. 1. Plaintiff alleges, however, that at least two previous actions—*Freeman v. Johnson*[1] and *Freeman v. Thaler*[2]—were dismissed because he was

---

[1] No: 6:00-CV-144 (E.D. Tex. June 22, 2000), D.E. 17.
[2] No: 6:10-CV-463 (E.D. Tex. Dec. 3, 2010), D.E. 17.

unable to pursue his claims due to state authorities interfering with his legal activities.[3] D.E. 15, pp. 1-2.

To the extent that Plaintiff objects to the recommendation to dismiss his claim in accordance with 28 U.S.C. § 1915(g) on the basis that two of the strikes assessed against him should not count because they were the result of improper state interference, the objection cannot be sustained. As an initial matter, "[t]he determination of whether a previous claim is 'frivolous,' 'malicious,' or 'fails to state a claim upon which relief may be granted' is made in the context of the litigation in which the claim is adjudicated." *Clay v. Ambriz*, 2012 WL 1309197, at *3 (S.D. Tex. Apr. 16, 2012). "Any use of this proceeding to raise a dispute over the labeling and disposition of the claims in those earlier proceedings would be a collateral attack" and is barred by the doctrine of *res judicata*. *Id*. (citing *Boettner v. Raimer*, 122 Fed. Appx. 711, 714 (5th Cir. 2004)).

Furthermore, Plaintiff has amassed three strikes from three cases other than the ones identified in his objections. *See Freeman v. Alford*, 48 F.3d 530 (5th Cir. 1995) (affirming district court's dismissal of plaintiff's § 1983 action as frivolous); *Freeman v. Mangles*, No. 6:96-CV-945 (E.D. Tex. June 12, 1997) (unpublished) (dismissing as frivolous); *Freeman v. TDCJ*, No. 6:96-CV-1008 (E.D. Tex. Nov. 14, 1997) (unpublished) (dismissing as frivolous). Because he has had three or more actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be

---

[3] The Court notes that the order dismissing Plaintiff's lawsuit in *Freeman v. Johnson*, No: 6:00-CV-144 (E.D. Tex. June 22, 2000), D.E. 17, contradicts Plaintiff's claim that the dismissal of that lawsuit was the result of prison officials interfering with his legal activities. Plaintiff's claim in that instance was not dismissed because it was deemed frivolous, malicious, or failed to state a claim. Rather, the claim was dismissed pursuant to § 1915(g) because Plaintiff had already accrued three strikes for filing frivolous claims.

granted, Plaintiff is barred from filing a civil suit *in forma pauperis*, absent imminent danger of physical injury. Plaintiff's first objection is **OVERRULED**.

Second, Plaintiff "urges this court to proceed in the publics [*sic*] best interest to protect his constitutional rights." D.E. 15, p. 4. The ability to proceed *in forma pauperis* is a privilege afforded to litigants who cannot pay the requisite filing fees in full at the outset of the litigation. If a litigant abuses this privilege by filing at least three frivolous lawsuits, the filing fee must be paid in full before litigation on the merits can commence. *Baños v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998) (referencing 28 U.S.C. § 1915(g)). "When such a delay threatens imminent danger of serious physical injury, the litigant will be granted *in forma pauperis* status in spite of his past abuse and allowed to pay out his filing fee obligations [over time]." *Id.* (internal citations and quotation marks omitted).

Here, Plaintiff has abused his privilege to proceed *in forma pauperis* as evidenced by his accrual of "three strikes" under § 1915(g). In his complaint and objections, Plaintiff has neither alleged nor pleaded facts sufficient to infer that he is currently being threatened with imminent danger of serious physical injury. Absent such a showing, Plaintiff is precluded from proceeding *in forma pauperis* in this matter. Should Plaintiff wish to pursue his claims and seek redress for any alleged violations of his constitutional rights, he may pay the filing fee in full and move to reinstate this lawsuit. Plaintiff's second objection is **OVERRULED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a

de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Plaintiff's motion to proceed *in forma pauperis* (D.E. 6) is **DENIED**, Plaintiff's request for leave to file a Rule 60(b)(6) motion and/or request for leave to file original complaint is **DENIED** as moot, Plaintiff's request for transfer to the 156th District Court of Bee County is **DENIED**, and this action (D.E. 1) is **DISMISSED** without prejudice.

Plaintiff may move to reinstate this lawsuit, but only if the $400.00 filing fee is paid simultaneously with the motion to reinstate within thirty days of the date of dismissal.

ORDERED this 18th day of August, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE